**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02188-DOC-ADS                              Date:  October 8, 2025

Title: Patricia Gorgonio Rubio et al. v. Nissan North America, Inc. et al.

PRESENT:             THE HONORABLE DAVID O. CARTER, JUDGE

|                  |                   |
|------------------|-------------------|
| Karlen Dubon     | Not Present       |
| Courtroom Clerk  | Court Reporter    |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|----------------------------------|----------------------------------|
| None Present                     | None Present                     |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

### I.    Background

Plaintiffs Patricia Gorgonio Rubio and Jose M. Casillas Baltazar ("Plaintiffs") asserted causes of action against Defendant Nissan North America, Inc. ("Defendant") and Does 1-10 under California's Song-Beverly Act for breach of express warranty, breach of implied warranty, and failure to timely repair regarding Plaintiff's purchase of a 2023 Nissan vehicle. *See generally* Complaint ("Compl.") (Dkt. 1-2).

Plaintiffs originally filed suit in the Superior Court of California, County of Orange, on August 11, 2025. Notice of Removal ("Notice" or "Not.") (Dkt. 1), at 1. On September 17, 2025, Defendant removed the action to this Court asserting diversity jurisdiction. *Id*. at 2.

### II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02188-DOC-ADS                                          Date: October 8, 2025
                                                                        Page 2

relevant part that "any civil action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed . . . to the district court of
the United States for the district and division embracing the place where such action is
pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal
jurisdiction," and the party seeking removal "bears the burden of establishing federal
jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)
(emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states
and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity
jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign
state by which it has been incorporated and of the State or foreign state where it has its
principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff
from the same state as any single defendant destroys "complete diversity" and strips the
federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah
Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence
that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v.
McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively
alleges an amount in controversy greater than $75,000, the jurisdictional requirement is
"presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal
must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St.
Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus
Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to
situations where the complaint leaves the amount in controversy unclear or ambiguous.
*See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life
Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some
'magical incantation' to the effect that 'the matter in controversy exceeds the sum of
[$75,000],' but instead, must set forth in the removal petition the underlying facts
supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.
Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at
567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or
has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies
with the defendant to show by a preponderance of the evidence that the jurisdictional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-02188-DOC-ADS                                    Date: October 8, 2025
                                                                          Page 3


minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*,
599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

   While the defendant must "set forth the *underlying facts* supporting its assertion
that the amount in controversy exceeds the statutory minimum," the standard is not so
taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims
for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D.
Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely
than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary
judgment-type evidence may be used to substantiate this showing. *Matheson v.
Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State
Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants
may make mathematical calculations using reasonable averages of hourly, monthly, and
annual incomes of comparable employees when assessing the amount in controversy in a
wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

   If the court lacks subject matter jurisdiction, any action it takes is ultra vires and
void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better
Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be
raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject
matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or
remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter
jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III.   Discussion

   Here, Plaintiff does not expressly allege an amount in controversy over $75,000.
*See* Compl. ¶ 2. Accordingly, Defendant must show by a preponderance of the evidence
that the jurisdictional minimum is satisfied. *See Geographic Expeditions, Inc.*, 599 F.3d
at 1106-07; *Guglielmino*, 506 F.3d at 699.

   Defendant has not met its burden to show that the amount in controversy
requirement is satisfied. Defendant asserts that the Complaint plausibly states an amount
in controversy over $75,000 based on actual damages plus civil penalties and attorneys'
fees. Not. at 5. However, Defendant also asserts that Plaintiffs' actual damages should be
lower than what Plaintiffs have even alleged. *Id.* at 4. Plaintiffs assert an amount in
controversy of $57,445.25, which represents the total sale price of the vehicle. *Id.* With
mileage offsets, Defendant estimates that actual damages are $50,491.50. *Id*. Both

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02188-DOC-ADS                                   Date: October 8, 2025
                                                                 Page 4

amounts are below the $75,000 amount in controversy jurisdictional threshold required for diversity.

The Court will not include speculative civil penalties or attorneys' fees when calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy."). Therefore, Defendant has only shown damages of $50,491.50. Because Defendant has not satisfied its burden to show that more than $75,000 is at issue in this case, the Court lacks diversity jurisdiction.

The Court's decision not to include speculative awards in the amount in controversy is reinforced by the fact that Congress has not raised the amount in controversy since 1996—nearly three decades ago.[1] *See* The Federal Courts Improvement Act of 1996, 110 Stat. 3850. Since then, the inflation rate is over 100% (*i.e.*, prices have more than doubled). Thus, adjusted for inflation, the amount in controversy should be over $150,000 today. Stated conversely, a case worth $75,000 in 1996 is worth less than $37,500 in today's dollars. Because inflation has plainly decreased the "real" value of the amount in controversy, more and more cases are able to meet the jurisdictional threshold and can be brought in federal court. As federal diversity jurisdiction expands, state court jurisdiction to decide purely state law issues and develop state law correspondingly decreases. Thus, the federal jurisdictional creep is incompatible with the most basic principles of federalism.

Federalism is not the only loser in Congress's failure to increase the amount in controversy. When a case is improperly removed, as happened here, ultimate resolution is delayed. Moreover, if a court does not immediately remand a case sua sponte, a plaintiff may move to remand. Because cases subject to motion to remand are typically small dollar cases, this increased motion work can quickly cause attorneys' fees to outrun any potential recovery and places an immense burden on a plaintiff's lawyer working on contingency. In this respect, the current low jurisdictional threshold reduces access to justice. Therefore, the Court respectfully encourages Congress to reconsider the amount in controversy minimum.

---

[1] For reference, in 1996, the minimum wage was $4.75 per hour, and only 16% of Americans had cell phones. Indeed, the current amount-in-controversy is older than both of my law clerks.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02188-DOC-ADS                                    Date: October 8, 2025
                                                                                          Page 5


## IV.    Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County.

The Clerk shall serve this minute order on the parties.


MINUTES FORM 11                                          Initials of Deputy Clerk: kdu
CIVIL-GEN